| UNITED STATES DISTRICT COURT | SOUTHERN DISTRICT OF TEXAS |
|---|---|

| | | |
|---|---|---|
| Rebecca Hamsher, | § § | |
| Plaintiff, | § § | |
| versus | § § | Civil Action H-13-1401 |
| North Cypress Medical Center Operating Company, Ltd., Employee Medical Benefit Plan, | § § § § | |
| Defendant. | § § | |

# Opinion on Summary Judgment

1. *Introduction.*

A worker's claim under her employee-benefit plan was denied because she did not request the sponsor to authorize the expense in advance. Rather than ask the sponsor, she sought a certification of medical necessity from the plan's third-party claims processor. Because the worker did not comply with the terms of the plan, she will not recover benefits.

2. *Background.*

In 2011, Rebecca Hamsher – a nurse at North Cypress Medical Center – suffered from bulimia nervosa, depression, post-traumatic stress disorder, suicidal ideation, binge eating, and other destructive behavior.

She was treated for these at Timberline Knolls Residential Treatment Center. From May 19 until June 12, she received in-patient treatment – meaning, around-the-clock care. From June 12 until December 27, she says that she was "partially hospitalized" for eight hours of daily treatment.

In early June, Hamsher's mother first asked Timberline if her daughter's employee-benefit plan would cover the treatment. It told her that it had gotten "pre-certification" from a

third-party claims processor for the plan, Meritain Health. From June through December, Hamsher and her mom repeatedly spoke with Meritain about the plan paying for her treatment.

The plan is the North Cypress Medical Center Operating Company, Ltd., Employee Medical Benefits Plan. In early 2012, the plan administrator denied her claim because she had not asked the human resources department at North Cypress to authorize the expense in advance – an exclusion under the plan for care received at hospitals other than North Cypress.

Hamsher appealed the administrator's decision to this court.

3. *Plan.*

Under the plan, treatment is required at North Cypress unless (a) the treatment is not available at North Cypress and (b) the patient obtains "prior authorization" from the human resources department at North Cypress.

4. *Authorization.*

The plan decision to deny Hamsher's claim was far from arbitrary.[1] It concluded that, before getting treated, she had not obtained authorization for her treatment from the human resources department at North Cypress. Assuming every fact that she has pleaded is true, she concedes that she did not ask human resources to approve her treatment.

5. *Certification.*

In her brief, Hamsher exhaustively explains her correspondence with Meritain Health about "pre-certification." She confuses (a) certification of medical necessity from a third-party claims processor with (b) authorization from the plan sponsor, North Cypress itself.

North Cypress is a hospital. It and the plan save money when participants are treated by North Cypress. For this reason, it had excluded treatment from other hospitals unless it agrees treatment elsewhere is necessary. This cost-saving requirement has nothing to do with a certification of medical necessity. It is not arbitrary or otherwise pernicious. It allows the employer to devise a plan, wages, and other labor costs into a package that it concludes best suits the hospital and its workers.

---

[1] Firestone Tire & Rubber Co. v. Bruch, 489 U.S. 101, 114–15 (1989).

The vast majority of what Hamsher said to Meritain was also not in the record that the plan reviewed when it denied her claim. In reviewing that denial, this court is limited to the evidence before the plan administrator.[2] Hamsher persists in going outside of this record. Her insulting Meritain may be justified, but its incompetence is not in the record and does not change her choice to avoid the plan's requirements.

6. *Discovery.*

Hamsher wants discovery about North Cypress's relationship with Meritain and Meritain's correspondence with Timberline Knolls. Given the plan's unequivocal requirement that she seek authorization from human resources at North Cypress, this data is irrelevant. Irrespective of what happened with Meritain, she cannot prevail.

Assuming the data she has requested is relevant, her motion for discovery would still be denied. This court will not consider facts that were not in the record that the plan administrator reviewed. The misguided tact of this case, seeking every extraneous path, is exactly why – 40 years ago – Congress adopted a law that restricts litigation in ERISA cases to appeals from the administrative record. Every motion and deposition that she would take consumes resources that are dedicated to her fellow workers' benefits. It is them, not the hospital or claims agent, whom she is beggaring.

7. *Equity.*

A worker may sue to recover for benefits owed to her under the plan or for equitable relief if she has no other remedy.[3] She may not, however, bring both claims simultaneously because her claim for benefits is a tacit admission that she has another remedy.[4]

---

[2] Vega v. National Life Ins., Inc., 188 F.3d 287, 299 (5th Cir. 1999).

[3] *See* 29 U.S.C. § (a)(1)(B) (benefits); 29 U.S.C. § 1132 (a)(3) (equity).

[4] Rhorer v. Raytheon Engineers & Constructors. Inc., 181 F.3d 634, 639 (5th Cir. 1999).

8. *Conclusion.*

Hamsher was not confused by the two permissions – certification and authorization. She indicated through counsel that she did not want to be treated by her co-workers. While that is understandable, it does not relieve her from complying with the plan. Had she asked, she may have been given permission to go elsewhere. She chose not to allow the plan to decide.

Rebecca Hamsher will take nothing from the North Cypress Medical Center Operating Company, Ltd., Employee Medical Benefit Plan because she did not comply with the unequivocal requirement that she ask the plan sponsor to authorize her treatment.

Signed on August 11, 2014, at Houston, Texas.

_____
Lynn N. Hughes
United States District Judge