| United States District Court | Southern District of Texas |
|---|---|

United States District Court
Southern District of Texas
**ENTERED**
February 10, 2017
David J. Bradley, Clerk

Rebecca Hamsher, §
§
　　　　　Plaintiff, §
§
versus § 　　Civil Action H-13-1401
§
North Cypress Medical Center §
Operating Company, Ltd., §
Employee Medical Benefit Plan, §
§
　　　　　Defendant. §

# Opinion on Damages

1. *Introduction.*

A medical benefit plan denied a beneficiary's claims because it concluded that she had not met the requirements to have her hospital treatments reimbursed. The plan did not prove that she was treated at a hospital as defined in the plan. The beneficiary will prevail.

2. *Background.*

In 2011, Rebecca Hamsher, a nurse at North Cypress Medical Center, was treated at Timberline Knolls Residential Treatment Center for bulimia nervosa, depression, post-traumatic stress disorder, suicidal ideation, binge eating, and other destructive behavior. The North Cypress Medical Center Operating Company, Ltd., Employee Medical Benefit Plan covers her benefits.

If Timberline Knolls had been a hospital, Hamsher would have had to get both "pre-certification" and "prior authorization" from her employee-benefit plan. Without prior authorization, she would not have been covered.

Other treatment for mental disorders requires only pre-certification. Without pre-certification, the plan can charge a $500 penalty.

Hamsher obtained neither pre-certification nor prior authorization. The plan, assuming that Timberline Knolls was a hospital, denied her claims. On appeal, the court decided that the plan had not proved that Timberline Knolls was a hospital. Hamsher's claims did not require prior authorization, only pre-certification.

All of Hamsher's treatment could have been cleared in advance if she had followed the plan's rules.

3.   *Benefits.*

By its terms, the plan owes Hamsher the cost of her treatment minus her $500 deductible, her $2,000 out-of-pocket maximum, and a one-time $500 penalty for not pre-certifying her treatment. Hamsher's treatment at Timberline Knolls cost $152,925.00. The plan will pay Hamsher $149,925.00 in benefits.

The court declines to exercise its discretion to award prejudgment interest.[1]

4.   *Fees and Costs.*

Hamsher asked for $114,103.81 in attorneys' fees. Under the Employee Retirement Income Security Act, a court may award attorneys' fees.[2] No factor is determinative, but a court considers whether to award fees by evaluating five factors: (a) the degree of the opposing party's culpability or bad faith; (b) the ability of the opposing party to satisfy an award of attorneys' fees; (c) whether an award of attorneys' fees against the opposing party would deter others acting under similar circumstances; (d) whether the party seeking attorneys' fees sought to benefit all participants in an ERISA plan or to resolve a significant legal question under ERISA; and (e) the relative merits of the parties' positions.[3]

---

[1] *See Firman v. Life Insurance Co. of North America*, 684 F.3d 533, 546 n. 63 (5th Cir. 2012).

[2] 29 U.S.C. § 1132 (g)(1).

[3] *See Iron Workers Local #272 v. Bowen*, 624 F.2d 1255, 1266 (5th Cir. 1980).

The plan did not act in bad faith. It believed Timberline Knolls was a hospital and assessed benefits accordingly. Timberline Knolls calls itself a residential treatment center, and Hamsher was treated there for several months. The plan's mistake was simply not investigating whether Timberline Knolls in fact met the plan's definition of hospital. No significant legal question was raised or resolved.

The factors weigh in favor of awarding attorneys' fees. On appeal, Hamsher won, and the plan lost. The plan is able to pay attorneys' fees.

The court must decide whether the requested attorneys' fees are reasonable. The starting point is multiplying the number of hours spent working on the case by the rate charged. Next, a court looks at twelve – non-exclusive and overlapping – factors to adjust that amount if necessary.

These factors are: (a) time and labor required – negative; (b) novelty and difficulty of the questions – negative; (c) skill required to perform the legal work properly – neutral; (d) preclusion of other employment by accepting this case – negative; (e) customary fee – neutral; (f) whether the fee is fixed or contingent – neutral; (g) time limitations imposed by the client or circumstances – negative; (h) amount involved and results obtained – neutral; (i) experience, reputation, and ability of the attorneys – negative; (j) undesirability of the case – neutral; (k) nature and length of the professional relationship with the client – negative; and (l) awards in similar cases – neutral.[4]

This is a case about contract interpretation. It involved neither complex law nor complex facts. It was resolved on summary judgment. It has continued for about three and a half years – fifteen months passed between filing and summary judgment. No time limitations were imposed. Hamsher's attorneys were not precluded from doing other work, and this was not an undesirable case. They specialize in ERISA cases. The length of the professional relationship is short. They would have represented Hamsher only in this matter; people seldom have recurring benefits-plan cases.

---

[4] *Johnson v. Georgia Highway Express*, 488 F.2d 714 (5th Cir. 1974).

Although Hamsher's counsel have submitted time sheets based on hourly billing rates, they ordinarily charge clients contingently. Hamsher has not claimed that she was not charged contingently. She has not offered evidence of having received or paid a bill. The attorneys' hourly rates may accord with the customary hourly rates in Los Angeles and Houston, where they practice. Neither side has described awards in similar cases. The amount involved here was just under $150,000. An award of $114,000 would be excessive. Hamsher succeeded on the merits not because the plan had wrongfully denied her benefits but because it had not proved that it correctly denied them. She had three attorneys while the plan had one. The requested fees are not reasonable. A fee of $50,000.00 is reasonable – approximately 33% of the recovery.

Hamsher will be awarded court costs of $228.00.

5.  *Conclusion.*

Rebecca Hamsher will take $200,153.00 from the North Cypress Medical Center Operating Company, Ltd., Employee Medical Benefit Plan.

Signed on February 9, 2017, at Houston, Texas.

Lynn N. Hughes
United States District Judge